Story, J.,
after stating the facts of the case, the opinion of the court, as follows : — The court below, at the trial, held that the plaintiff, under the circumstances, was not entitled to abandon as for a total loss ; and the correctness of that opinion remains for the decision of this court.
Whether the turning away of a ship from the port of destination, in consequence of a blockade, be, in any case, a good cause for abandonment, so as to entitle the assured to recover from the underwriter, as for a total loss, by the breaking up of the voyage ; and if so, whether the doctrine could apply to a policy, with a warranty of neutrality, the legal effect of such warranty being to compel the party to abandon the voyage, if it cannot be pursued consistent with neutrality, are questions of great importance, upon which the court do not think it necessary to express any opinion, because this cause may well be decided upon an independent ground.
The loss of the voyage, in the case at bar, was occasioned (if at all) by the arrest and restraint of the British blockading squadron. The right to blockade an enemy’s port with a competent force, is a right secured to every belligerent by the law of nations. No neutral can, after knowledge of such blocakde, lawfully enter, or attempt to enter, the blockaded port. It would be a violation of neutral character, which, according to established usages, would subject the property engaged therein to the penalty of confiscation. In such a case, therefore, the arrest and restraint of neutral ships attempting to enter the port, is a lawful arrest and restraint by the blockading squadron. It would follow, therefore, from this consideration, that the arrest and restraint, on account of which a recovery is now sought, is not a risk within the policy, against which the underwriter has engaged to indemnify the plaintiff.
*But it is contended by the counsel for the plaintiff, in order to escape from this conclusion, that the word “ unlawful,” in the policy, is confined in its operation to arrests, and does not extend to “ restraints and detainments.” To this construction, the court cannot assent. The grammatical order of the words and the coherence of the sentence require a different construction. It is not against every “ unlawful arrest ” that the underwriter undertakes to indemnify, but against “ unlawful arrests, &c., of all kings, princes and people,” which have always been held to mean the arrests of kings, princes or people, in their sovereign and national capacity, and not as individuals. The necessary connection of the sentence, therefore, requires that “arrests, restraints and detainments,” should be coupled together ; and if so, the qualification of unlawful must be annexed to them all. The intent of the parties also urges to the same *44 conclusion ; for every arrest is a restraint and detainment; and it would be strange, if tbe party could, under the allegation of a restraint, recover a loss from which the underwriter is expressly exempted by an unambiguous exception in the policy. On the whole, the court are of opinion, that the judgment of the circuit court must be affirmed.
Judgment affirmed.